UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT P. FORTMAN, JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:24-CV-445-TLS-AZ |
| LOGAN WRIGHT, | |
| Defendant. | |

**OPINION AND ORDER**

Robert P. Fortman, Jr., a prisoner without a lawyer, filed a complaint. ECF No. 1. Under 28 U.S.C. § 1915A, the Court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fortman alleges he was attacked by Allen County Jail Officer Logan Wright on October 10, 2024, at approximately 11:50 A.M. Specifically, he was chatting with another officer in the hallway when Officer Wright called his name, "took [him] down to the ground," and "started punching [his] ribs on the right side." ECF No. 1 at 2. Fortman states he was not resisting or fighting back in any way when this attack occurred. Fortman suffers from pre-existing medical conditions, so the force used caused him pain and injury to his back and shoulder. He seeks monetary damages for pain, suffering, and emotional distress.

Fortman is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (cleaned up). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response . . . is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021). "[N]egligent conduct does not offend the Due Process Clause[,]" and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

To establish an excessive force claim under the Fourteenth Amendment, a plaintiff must allege "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396–97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 F. App'x 719, 721 (7th Cir. 2012) (quoting *Bell*, 441 U.S. at 537).

2

Here, Fortman claims Officer Wright forcefully took him to the ground, punched him repeatedly, and caused him injury—all for no discernable reason. Although further fact-finding may reveal the force used was objectively reasonable under the circumstances, Fortman has stated a plausible claim under the Fourteenth Amendment at this stage of the litigation.

For these reasons, the Court:

(1) GRANTS Robert P. Fortman, Jr., leave to proceed against Officer Logan Wright in his individual capacity for compensatory and punitive damages for subjecting him to excessive force at approximately 11:10 A.M. on October 10, 2024, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the Clerk of Court, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and, if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Logan Wright at the Allen County Jail, with a copy of this order and the complaint [ECF No. 1];

(4) ORDERS the Commander of the Allen County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Logan Wright to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 24, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

3