UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT P. FORTMAN, JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:24-CV-445-TLS-AZ |
| LOGAN WRIGHT, | |
| Defendant. | |

**OPINION AND ORDER**

Robert P. Fortman, Jr., a prisoner without a lawyer, has filed a motion for preliminary injunctive relief. ECF No. 8. Previously, the Court granted him leave to proceed against Officer Logan Wright in his individual capacity for compensatory and punitive damages for subjecting him to excessive force at approximately 11:10 A.M. on October 10, 2024, in violation of the Fourteenth Amendment. *See* ECF No. 4. Specifically, Fortman claims he was talking with a nurse in the hallway when Officer Wright called his name, "took [him] down to the ground," and "started punching [his] ribs on the right side." ECF No. 1 at 2. His current motion asks the Court to place a restraining order against Officer Wright because he is "terrified of Logan Wright" and "feel[s] . . . as though [his] safety is in jeopardy if Logan Wright (Officer) escorts [him] in the jail concerning [his] medial conditions, surgeries, etc." ECF No. 8 at 1. He also asks the Court to order the Allen County Jail to grant him use of a "hand-held tablet" for legal research. *Id*.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (cleaned up). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792.[1] On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take an affirmative act—such as transferring an inmate or providing him with additional medications—are viewed with particular caution and are "sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citation omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means

---

[1] The Seventh Circuit has recognized the first step is "often decisive," and a court need not analyze the remaining elements when that is the case. *Univ. of S. Ind.*, 43 F.4th at 791.

to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (cleaned up).

Here, Fortman is proceeding on a single excessive force claim against Officer Wright in his individual capacity for monetary damages. He has neither sought nor been granted leave to proceed on any injunctive relief claims. Accordingly, the allegations in his motion are beyond the scope of the current litigation, so any preliminary injunctive relief related to them will be denied. *See, e.g.*, *Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . . ."). Moreover, his request for injunctive relief is speculative and provides no facts upon which to reasonably infer he is in danger of suffering another attack by Officer Wright. *See Univ. of S. Ind.*, 43 F.4th at 791 (explaining that a plaintiff cannot be given the benefit of unsupported inferences at this stage).

As for his allegations regarding legal materials, Fortman asks the Court to "order the use of electronic, hand-held tablet." ECF No. 8 at 1. He does not explain why he needs the tablet or how it pertains to this case. Importantly, he does not allege he is being prevented from accessing necessary legal materials in general—in fact, he seems to suggest he has access to them during his "1-hour recreation," albeit not on a personal tablet. *Id*. Again, these claims are outside the scope of the current litigation, and they do not provide a plausible basis for injunctive relief. *See e.g., Winter*, 555 U.S. at 20; *Univ. of S. Ind.*, 43 F.4th at 791–92.

For these reasons, the Court DENIES the motion for a preliminary injunction [ECF No. 8].

SO ORDERED on November 12, 2024.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT