**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

ROBERT P. FORTMAN, JR.,

               Plaintiff,

v.                                                                  CAUSE NO.: 1:24-CV-445-TLS-AZ

LOGAN WRIGHT,

               Defendant.

**OPINION AND ORDER**

This matter is before the Court on a Findings, Report, and Recommendation [ECF No. 36], filed by Magistrate Judge Abizer Zanzi on April 8, 2026.

On October 22, 2024, the Plaintiff Robert P. Fortman, without counsel, filed a Complaint [ECF No. 1] against the Defendant Logan Wright. Discovery closed on July 14, 2025. On December 17, 2025, Magistrate Judge Zanzi held a telephonic conference at which the Plaintiff indicated his intention to voluntarily dismiss the case. ECF No. 28. The Court set a deadline of December 30, 2025, for the Plaintiff to file dismissal papers. *Id.*

On January 26, 2026, the Court received back as undeliverable an unrelated piece of mail from the Court to the Plaintiff. ECF No. 29. The mail was sent to the Plaintiff's listed address at the Reception Diagnostic Center, which indicated on the returned mail that the Plaintiff was transferred to the Indiana State Prison. A search of ISP's inmates confirms that Robert P. Fortman, Jr., is incarcerated in ISP until December 2027.[1] The Plaintiff's address with the Court was updated, and in February, two more pieces of mail were sent. Both were returned to the Court having been marked "refused." ECF Nos. 31, 32. On March 10, 2026, the Court ordered

---

[1] https://offenderlocator.idoc.in.gov/idoc-ofs-1.0.2/ofs?lname=Fortman&fname=RObert&
search1.x=0&search1.y=0 (last visited Apr. 28, 2026).

the Plaintiff to show cause by March 30, 2026, why he should not be held in contempt and

sanctioned for his failure to appear or update his address. ECF No. 33. The Court warned the

Plaintiff that a failure to respond to the Show Cause Order may result in sanctions, including

dismissal of the case. *Id.* The Show Cause Order was also returned as "refused" and the deadline

to respond passed. ECF No. 35.

In the Report and Recommendation, Judge Zanzi finds that the Plaintiff will receive the

Report and Recommendation as well as the Court's other orders at the Indiana State Prison

unless the Plaintiff willingly continues to refuse them. Judge Zanzi further finds that, because the

Plaintiff failed to respond to the Show Cause Order or voluntarily dismiss the case, the sanction

of dismissal is appropriate given the Plaintiff's previous indication in open court of his intent to

dismiss the case and that any further delay unduly prejudices the Defendant. Thus, Judge Zanzi

recommends that the Court dismiss this case in its entirety.

The Court's review of a Magistrate Judge's Report and Recommendation is governed by

28 U.S.C. § 636(b)(1)(C), which provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file
> written objections to such proposed findings and recommendations as provided by
> rules of court. A judge of the court shall make a de novo determination of those
> portions of the report or specified proposed findings or recommendations to which
> objection is made. A judge of the court may accept, reject, or modify, in whole or
> in part, the findings or recommendations made by the magistrate judge. The judge
> may also receive further evidence or recommit the matter to the magistrate judge
> with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served

with a copy of the recommended disposition, a party may serve and file specific written

objections to the proposed findings and recommendations."). Portions of a recommendation to

which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734,

739 (7th Cir. 1999) (citations omitted). Judge Zanzi gave the parties notice that they had fourteen

days to file objections to the Report and Recommendation. ECF No. 36. As of the date of this Order, neither party has filed an objection, and the time to do so has passed.

"It is well-established that district courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *GCIU Emp. Ret. Fund v. Chi. Trib. Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). "When dismissal is based on a failure to prosecute, a court is required to show a record of delay, contumacious conduct, or that lesser sanctions proved unavailable, as well as the prejudice that the delay caused the defendant." *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020) (citation omitted). The Court finds no clear error in the Magistrate Judge's recommendation of dismissal for failure to prosecute given the Plaintiff's repeated rejection of the Court's mailings, the Plaintiff's stated intent to dismiss the case, and the prejudice to the Defendant in continuing to defend against a case the Plaintiff has abandoned.

## CONCLUSION

Therefore, the Court ACCEPTS, IN WHOLE, the Report and Recommendation [ECF No. 36] and ORDERS that the Plaintiff's Complaint is DISMISSED with prejudice.

SO ORDERED on April 29, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3